In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00054-CV


______________________________






IN THE INTEREST OF


SHANNON DANIELLE BELLAMY, A CHILD






 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 96-CS-194




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Cindy Bellamy appeals the trial court's order continuing her and Dan Bellamy as
joint managing conservators of their minor child, Shannon Danielle Bellamy (Danielle), and
ordering Dan to have primary possession of Danielle and the sole right to establish her
residence. 

 Cindy raises three points of error. She first contends Texas courts lack subject
matter jurisdiction over this case because she and Danielle are residents of Louisiana, and
under Family Code Section 155.003(b)(1), (1) Texas may no longer exercise its exclusive,
continuing jurisdiction over the case, and that Section 155.003 was not repealed by or is
not in conflict with Family Code Section 152.202. (2)
 In her second point, Cindy contends
that, if Section 152.202 of the Texas Family Code applies, then under this section, Texas
no longer maintains exclusive, continuing jurisdiction because substantial evidence is no
longer available in Texas concerning Danielle's care, protection, training, and personal
relationships. Finally, Cindy contends the trial court lacked jurisdiction because Dan failed
to adequately show jurisdiction in his pleadings.

 The evidence showed that, at the time Dan and Cindy Bellamy divorced in 1988 or
1989, Dan was unaware of Cindy's pregnancy. After the divorce, Dan learned of the
pregnancy and has been a part of Danielle's life since birth. In 1996, the Texas Attorney
General filed suit in Cass County to establish Dan as Danielle's father. The 1996 order
determined Dan is the father and appointed both Cindy and Dan as joint managing
conservators, but ordered that Cindy have primary possession of Danielle and the sole
right to establish her residence. On March 21, 2000, the Texas Attorney General's office
filed a motion to modify support on Cindy's behalf in Cass County. In response, Dan filed
a counter-petition to modify, asking the court to give him primary possession of Danielle
and the sole right to establish her residence. The Attorney General's office nonsuited the
motion to modify support. The only issue left before the trial court was Dan's counter-petition. The court modified the 1996 order by granting Dan primary possession of Danielle
and the sole right to determine her residence, but continuing Cindy and Dan as joint
managing conservators.

 Cindy and Danielle are residents of Louisiana, and it is uncontested that under the
Texas Family Code their home state is Louisiana. See Tex. Fam. Code Ann. § 152.102(7)
(Vernon Supp. 2002).

 At the hearing on Dan's counter-petition, Cindy contended the trial court lacked
subject matter jurisdiction to hear this case because Texas is no longer Danielle's home
state. Because the question raised is a legal one regarding subject matter jurisdiction, we
apply a de novo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998).

 Cindy contends Texas no longer retains jurisdiction because Danielle's home state
is Louisiana, not Texas, relying on Tex. Fam. Code Ann. § 155.003(b)(1) (Vernon 1996). 
However, we find Tex. Fam. Code Ann. § 152.202 (Vernon Supp. 2002) controls in this
case and grants Texas exclusive, continuing jurisdiction. 

 In 1999, the Texas Legislature amended the Family Code and replaced the Uniform
Child Custody Jurisdiction Act (UCCJA) with the Uniform Child Custody Jurisdiction and
Enforcement Act (UCCJEA). (3) Under the UCCJA, a court could not exercise its continuing
jurisdiction to modify custody if the child and the party with custody had established
another home state, unless the action was filed before the new home state was
established or all parties acquiesced in writing. (4) But the 1999 adoption of the UCCJEA
changed the law, and Section 152.202 grants Texas exclusive, continuing jurisdiction in
this case. Tex. Fam. Code Ann. § 152.202.

 Under Section 152.202, Texas retains jurisdiction if a parent remains in Texas,
regardless of the child's home state, so long as there is still a significant connection with
Texas and substantial evidence is still available in Texas. Jurisdiction terminates if the
relationship between the child and the parent remaining in the state with exclusive,
continuing jurisdiction becomes so attenuated that the court can no longer find significant
connections and substantial evidence. Unif. Child Custody Jurisdiction & Enforcement
Act § 202 cmt. 1, 9 U.L.A. 674 (1999). According to the National Conference of
Commissioners on Uniform State Laws, who promulgated the UCCJEA:

 The new act further provides that a state which makes the initial custody
determination has continuing exclusive jurisdiction, so long as a party to the
original custody determination remains in that state. . . . Under the new act,
a state with continuing exclusive jurisdiction is the only state in which a
custody order can be modified. If that state determines that another state
has a more significant connection to the child, it may relinquish its authority.


Important New Child Custody Legislation Enacted in 21st State, Nat'l Conf. of Comm'rs
on Unif. State Laws (June 15, 2000), at <http://www.nccusl.org/nccusl/
pressreleases/pr6-15-00.asp>. 

 Under Section 155.003(b), the Texas court is prohibited from exercising jurisdiction
in this case. Tex. Fam. Code Ann. § 155.003 (Vernon 1996); Phillips v. Beaber, 995
S.W.2d 655, 660 (Tex. 1999). Cindy contends this section is determinative and that, since
Danielle's home state is now Louisiana, Texas no longer has jurisdiction. However, we find
that Sections 152.202 and 155.003(b)(1) conflict in this case. See In re B.O.G., 48 S.W.3d
312, 318 (Tex. App.-Waco 2001, pet. denied). When a provision of Chapter 152 conflicts
with another provision of the Family Code or another statute or rule of Texas and the
conflict cannot be reconciled, Chapter 152 prevails. Tex. Fam. Code Ann. § 152.002
(Vernon Supp. 2002). Under the UCCJEA, Texas retains jurisdiction even if Texas is no
longer the home state of the child or of the custodial parent, so long as there is a significant
connection with this state. 

 We find the trial court properly exercised its jurisdiction in determining the domicile
of Danielle. In fact, the UCCJEA requires the original decree state to determine whether
jurisdiction continues. Tex. Fam. Code Ann. § 152.202(a)(1). So long as one parent still
lives in the original decree state, that state is the only one which can determine whether
jurisdiction continues. Id.; Unif. Child Custody Jurisdiction & Enforcement Act § 202
cmt. 1.

 In her second point of error, Cindy contends that, even if we apply Section 152.202,
Texas courts no longer retain jurisdiction. Under Section 152.202, if one of the parents still
resides in Texas and if Texas courts granted the original decree, then a Texas court must
determine if Texas still retains exclusive, continuing jurisdiction over the case. Cindy
contends the trial court should have found Texas no longer retains exclusive, continuing
jurisdiction because substantial evidence is no longer available in Texas concerning
Danielle's care, protection, training, and personal relationships. 

 Under the new law, Texas retains exclusive, continuing jurisdiction over this case,
as the state granting the original decree, until a court of this state determines that neither
the child nor one parent has a significant connection with this state and that substantial
evidence is no longer available in this state concerning the child's care, protection, training,
and personal relationships. Tex. Fam. Code Ann. § 152.202(a). Because this is a question
of subject matter jurisdiction, the appropriate standard of review is de novo. Mayhew, 964
S.W.2d at 928. We must review the evidence and determine if Cindy or Danielle still has
a significant connection with this state and if substantial evidence is no longer available in
Texas.

 Cindy contends that, because most of the exhibits admitted into evidence by Dan
were from Louisiana, this shows substantial evidence is no longer available in Texas. The
statute allows Texas to maintain jurisdiction so long as there is substantial evidence
relating to Danielle's care, protection, training, and personal relationships in Texas.  Tex.
Fam. Code Ann. § 152.202(a)(1). Just because evidence is introduced from other states
does not mean substantial evidence in Texas is lacking.

 Despite the introduction of criminal records from Louisiana pertaining to Cindy, her
current husband, a former husband, and two personal friends, there is still substantial
evidence relating to Danielle's care, protection, training, and personal relationships in
Texas. See Tex. Fam. Code Ann. § 152.202(a)(1). Though Danielle's home state is
Louisiana, she attends school in Texas and lives only a few miles from her grandparents
in Texas. The testimonies from Cindy, her sister, and her mother depict a close family that
interacts with each other daily. Danielle is picked up for school at her maternal
grandparents' home in Texas. Danielle has a strong personal relationship with her
maternal grandparents in Texas, as well as with her father, stepmother, and two
stepbrothers, who all live in Texas. Danielle's father has remained a resident of Texas
since the original decree was entered in 1996. He has paid his child support and has
maintained visitation with Danielle. The evidence shows Dan has been actively involved
in Danielle's life. Danielle is close with her stepbrothers and stays with Dan during the
summer for six weeks, holidays, and long weekends. Danielle visits the dentist and
orthodontist while visiting her father in Texas. She attends school in Texas, using the
address of a trailer home Cindy has on her parents' property in Texas. The home study
conducted by agreement of the parties for this case was done by a group in Texas, and
Danielle's mother took her to a psychologist in Texas. This evidence shows that Danielle
maintains a significant connection with Texas and that there is substantial evidence in
Texas regarding her care, protection, training, and personal relationships.

 Cindy also contends the trial court lacked jurisdiction because Dan's pleadings were
insufficient to show the trial court had jurisdiction. This complaint goes to a procedural
defect in the pleadings. Under Rule 90:

 Every defect, omission or fault in a pleading either of form or of substance,
which is not specifically pointed out by exception in writing and brought to the
attention of the judge in the trial court before the instruction or charge to the
jury or, in a non-jury case, before the judgment is signed, shall be deemed
to have been waived by the party seeking reversal on such account; . . . .


Tex. R. Civ. P. 90. Cindy did not direct the trial court to this alleged deficiency before the
judgment was signed and has therefore waived this complaint on appeal.

 We affirm the judgment.



 Donald R. Ross

 Justice



Date Submitted: January 3, 2002

Date Decided: January 23, 2002


Publish
1. Section 155.003(b) provides:


 A court of this state may not exercise its continuing, exclusive jurisdiction to
modify managing conservatorship if: 


 (1) the child's home state is other than this state; or 


 (2) modification is precluded by Chapter 152.


Tex. Fam. Code Ann. § 155.003(b) (Vernon 1996).
2. Texas has exclusive, continuing jurisdiction until a court of this state determines
that neither the child, nor the child and one parent, have a significant connection with this
state and that substantial evidence is no longer available in this state concerning the child's
care, protection, training, and personal relationships. Tex. Fam. Code Ann. § 152.202(a)(1)
(Vernon Supp. 2002).


3. Uniform Child Custody Jurisdiction Act, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen.
Laws 113, 140, amended by Uniform Child Custody Jurisdiction and Enforcement Act, 76th
Leg., R.S., ch. 34, § 1, 1999 Tex. Gen. Laws 52. 
4. Id.; Phillips v. Beaber, 995 S.W.2d 655, 675 (Tex. 1999).