COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


 
 
  
  
  
  
 IN THE INTEREST OF C.C.B.
 AND M.J.B., CHILDREN.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00353-CV
  
 Appeal from the
  
 394th District Court
  
 of Brewster County, Texas 
  
 (TC# 7172) 
  
 
 


O P I N I O N

 

Joseph Gary Barnett, father to C.C.B.
and M.J.B., the children subject to this suit affecting parent-child
relationship (SAPCR), appeals the trial court=s order transferring jurisdiction to
the court of Fremont County, Colorado. 
He also appeals the trial court=s refusal to transfer venue of the
SAPCR to Harris County, Texas.  We
affirm.

Facts








Since at least January 1997, Joseph
Gary Barnett and Amanda V. Russell Dahl have been engaged in a series of
disputes over their two children. 
Barnett and Dahl agree that Barnett is the father of the children, as reflected
in the agreed paternity decree filed June 9, 1997 in Galveston County,
Texas.  This agreement made the parties
joint managing conservators of the children, with Dahl having primary custody,
and Barnett having the standard visitation rights and child support
obligations.








After Barnett filed a motion to
modify in November 1997, the parties agreed to transfer the cause to Brewster
County.  Dahl, by pro se letter to the
court, requested permission to move with the children to Canon City, Colorado
on December 13, 1999.  On March 1, 2000,
Dahl then filed a Motion to Transfer SAPCR jurisdiction to Fremont County,
Colorado.  An Amended Motion to Transfer
SAPCR jurisdiction was filed on July 17, 2000. 
On August 2, 2000, the parties had filed a Joint Motion to Dismiss
motions to enforce, but an October 3 Notice of Docketing Foreign Pleadings
stated amended motion to transfer was pending. 
On August 4, 2000, Dahl filed her Petition for Writ of Habeas Corpus in
Brewster County for return of the children, as Barnett was keeping them in violation
of the visitation agreement.  Dahl filed
in Fremont County, Colorado her Notice of Docketing Foreign Pleadings and
Petition for Recognition, Enforcement and Transfer of Child Custody and Child
Support Order on October 3, 2000.  The
District Court of Brewster County entered an order granting the transfer of
SAPCR jurisdiction to Fremont County, Colorado, on October 11, 2000, finding
that no controverting affidavit had been filed by Barnett.  Barnett filed a Motion for Reconsideration of
Order Transferring Case on October 30. 
On December 21, Barnett also filed a Petition for Writ of Habeas Corpus
in the Brewster County District Court to get the children from Dahl for
visitation, and a Request for Writ of Attachment the following day.  The petition was denied on December 22 for
want of jurisdiction Apursuant to Section 157.371 of the Texas Family Code in that
the children are not within Brewster County and this court is no longer a court
of continuing jurisdiction in this case.@

Undeterred, Barnett filed a Petition
to Modify Parent-Child Relationship and a Motion to Transfer to Harris County,
Texas on May 14, 2001, both in Brewster County. 
The petition alleged that as Barnett still lives in Texas, and as the
District Court of Fremont County has not accepted the case transferred there,
Brewster County retains continuing jurisdiction over these matters.  He further contended that because he is the
only remaining party living in Texas, and now lives in Harris County, therefore
venue is proper in Harris County under Section 155.301 of the Texas Family
Code.








Barnett also filed an Answer to
Petitioner=s Motion for UCCJA Communication
Between Judges and Motion to Refuse Transfer with the District Court of Fremont
County, Colorado, on May 23, 2001. 
There, Barnett contended that the Colorado version of the Uniform Child
Custody Jurisdiction and Enforcement Act (UCCJEA), Section 203 allows Colorado
to modify child custody initially made by another state only if Athis state has jurisdiction [to] make
an initial determination under section 14-13-201(1)(a) or 14-13-201(1)(b) and .
. . (b) A court of this state or a court of the other state determines that the
child, the child=s parents, and any person acting as a parent do not presently
reside in the other state.@  Second, Barnett=s petition claimed that as the
underlying cause of action had been dismissed, there is no Motion to Enforce
pending in Brewster County for the Colorado court to accept, and the UCCJA
communication is moot.  Third, Barnett
asserted that since the UCCJEA has replaced the Uniform Child Custody
Jurisdiction Act (UCCJA) in both Texas and Colorado, that the UCCJA
communication requested by Dahl is moot. 
The Motion for Reconsideration of Order Transferring Case to Fremont County,
Colorado, was denied on August 8, 2001. 
It is from this order, and the order on petitioner=s motion to transfer SAPCR, that
Barnett appeals.

The
trial court=s order was a ceding of jurisdiction, not a transfer

In his first point of error, Barnett
seems to claim that the trial court used the wrong standard for Atransferring@ the suit to Colorado.  We must first decide whether this order was
truly a transfer, where it contemplated relinquishing jurisdiction to a
Colorado court.  We conclude that the Atransfer@ of this order is really a ceding of
jurisdiction under Tex. Fam. Code Ann. ' 152.202.








It is true that the order appealed
from speaks in terms of transfer, and Barnett is correct in his assertion that
a transfer, as contemplated by the Texas Family Code and Texas civil law in
general, is an intrastate action in which a Texas trial court with proper
jurisdiction sends the case to another Texas court.  See Tex.
Fam. Code Ann. '' 103.002,
103.003, 152.110, 155.201 (Vernon 2002); Tex. Civ. Prac.
& Rem. Code Ann. ' 15.063 (Vernon 2002). 
Such was the case in 1997, prior to the adoption of the UCCJEA in
Texas.  Coots v. Leonard, 959
S.W.2d 299, 307 (Tex. App.--El Paso 1997, no pet.).  When the Legislature enacted the UCCJEA in
1999, that did not change.  Although the trial
court=s order speaks in terms of a transfer
to Colorado, we interpret this not as a transfer as it is generally understood
in Texas, but rather as a ceding of exclusive continuous jurisdiction under the
UCCJEA.  The difference is technical and
does not affect the substance of the action. 
Id.  With this in mind, we
turn to the merits of Point of Error One.

The trial court correctly ceded jurisdiction to the 

Courts of Fremont County, Colorado

 

All relevant motions and orders were
filed after September 1, 1999, therefore the Uniform Child Custody Jurisdiction
and Enforcement Act (UCCJEA) governs.  Tex. Fam. Code Ann. '' 152.001 to 152.317 historical notes
(Vernon 2002) [Acts 1999, 76th Leg., ch. 34, ' 1]. 
Both Colorado and Texas have adopted the UCCJEA.  Id.; Colo.
Rev. Stat. Ann. '' 14-13-101 to 14-13-403 (West Supp. 2002).  In his first point of error, appellant
contends that because he remained in the state, the Texas Family Code Section
152.202 requires that exclusive continuing jurisdiction must be maintained by a
Texas court.  We are therefore called
upon to determine whether the trial court could have properly ceded exclusive
continuing jurisdiction to the District Court of Fremont County, Colorado under
the UCCJEA.








A trial court=s determination that it will not
exercise jurisdiction over a suit affecting the parent-child relationship is
reviewed on an abuse of discretion standard. 
Coots, 959 S.W.2d at 301. 
The test for abuse of discretion is not whether, in our view, the facts
present an appropriate case for the trial court=s action.  Instead, the court of appeals determines
whether the court acted without reference to any guiding rules and
principles.  Id. (citing Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939)).  In other words, the court of
appeals looks to whether the trial court=s act was arbitrary or
unreasonable.  Id. (citing Smithson
v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984); Landry v.
Travelers Insurance Co., 458 S.W.2d 649, 651 (Tex. 1970)).  The fact that the trial court may decide a
matter within its discretion in a different manner than the court of appeals
would does not demonstrate that an abuse of discretion has occurred.  Id. (citing Southwestern Bell
Telephone Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965); Jones v.
Strayhorn, 159 Tex. 421, 321 S.W.2d 290, 295 (1959)).

Exclusive continuing jurisdiction was
in Brewster County, Texas at the time the children and their mother moved to
Colorado.  Thus, under the Texas version
of the UCCJEA:

[A]
court of this state which has made a child custody determination consistent
with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the
determination until:

 

(1) a court of this state determines that neither the
child, nor the child and one parent, nor the child and a person acting as a
parent, have a significant connection with this state and that substantial evidence
is no longer available in this state concerning the child=s care, protection, training, and personal
relationships; or

 








(2) a court of this state or a court of another state
determines that the child, the child=s
parents, and any person acting as a parent do not presently reside in this
state.  Tex.
Fam. Code Ann. ' 152.202(a) (Vernon 2002).

 

Barnett reads this provision as requiring the trial court to
make formal findings of the loss of significant contacts with the state of
continuing jurisdiction.  It is true that
no formal findings were made, other than that no controverting affidavit to the
Atransfer@ had been filed and the motion should
be granted.  We find that the
uncontroverted affidavit of Amanda Dahl stating that the primary residence of
the children had been Canon City, Colorado for over thirty days, was sufficient
to meet the statutory requirement of section 152.202(a)(1).

Conversely, Barnett claims that
because he still lives in Texas, continuing exclusive jurisdiction must remain
here.  That he has remained in Texas,
albeit hundreds of miles from the county of continuing jurisdiction, only indicates
that the Texas court must affirmatively act to yield jurisdiction to the
Colorado court, and the foreign court is not free to make that determination
unilaterally.  Tex. Fam. Code Ann. ' 152.202(a)(2)
(Vernon 2002).  No such unilateral
action took place here; as required by the UCCJEA, the Texas court ceded
jurisdiction.








With regard to the requirements of
section 152.202 that the child and one parent have significant connection to
Texas and substantial evidence on care, protection, training and personal
relationships is not longer available in the state, we note the following.  Dahl has lived in Canon City, Colorado with
her children C.C.B. and M.J.B. since January 2000.  Since Dahl had primary custody and control of
the children, they were presumably housed and enrolled in school in
Colorado.  Nevertheless, we recognize
that a change in the children=s home state is not wholly dispositive of which state should
exercise jurisdiction under the UCCJEA.  In
re Bellamy, 67 S.W.3d 482 (Tex. App.--Texarkana 2002, no pet.).  In Bellamy, the court of appeals noted
that ATexas retains jurisdiction if a
parent remains in Texas, regardless of the child=s home state, so long as there is
still a significant connection with Texas and substantial evidence is still
available in Texas.@  Id. at
484.  The child lived just across the
border from Texas in Louisiana, she attended school in Texas, was picked up for
school from her maternal grandmother=s house in Texas, and maintained
significant, daily personal relationships with people who lived just inside the
Texas border.  Id. at 485.  These are the types of significant contacts
that might cause a Texas court to retain jurisdiction in Texas even when a
child moves from the state.

Nothing comparable exists here.  Nothing in this record counters the trial
court=s implied conclusion that C.C.B. and
M.J.B. have no significant contacts with Texas and substantial evidence
concerning their care, protection, training and personal relationships is no
longer available here.  We thus cannot
conclude that the trial court abused its discretion in determining that the
interests of C.C.B. and M.J.B. could best be considered by the court in Fremont
County, Colorado, where they live.  We
overrule Point of Error One.








Appellant=s second point of error appears to
claim it was error for the Brewster County Court to relinquish jurisdiction
where there was no pending issue before that court awaiting resolution.  We find no authority for this assertion.  If the Colorado court is willing to register
the Texas order and assume continuing jurisdiction pursuant to the Colorado
Uniform Child Custody Jurisdiction and Enforcement Act Sections 14-13-101 to
14-13-403, then Texas law clearly allows a UCCJEA communication between the two
courts under Texas Family Code Section 152.110. 
Since there was a motion before the Colorado court in the matter of
C.C.B. and M.J.B., and since the Texas court did send copies of its files
concerning the case, absent any sign of an abuse of discretion by the trial
court, the matter was properly handed to the Colorado court.  The second point of error is overruled.

The trial court properly denied reconsideration of its
Atransfer@
order

 

Appellant=s third point of error challenges the
trial court=s denial of his motion for
reconsideration without a full hearing including taking evidence.  A trial court has broad discretion in denying
a motion for reconsideration, which we will not reverse absent abuse of that
discretion.  Champion Int=l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988).








After considering briefs of counsel
and an article AUCCJEA:  Bright Line
Rules are Emerging@ by Harry L. Tindall and Angela G. Pence, the trial court
concluded there was no need to reconsider its ceding of jurisdiction over the
custody and visitation matters concerning C.C.B. and M.J.B.  Having found there was not error in the trial
court=s initial order, we likewise find the
court did not abuse its discretion in refusing to reconsider its actions.  The third point of error is overruled.

Conclusion

The order of the trial court
relinquishing jurisdiction over this SAPCR is affirmed.

 

SUSAN
LARSEN, Justice

December 5, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)