NO. 07-04-0505-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 13, 2006



______________________________




ORLANDO ANTWONIE HARRIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF LAW NO. 2 OF POTTER COUNTY;



NO. 106789; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Orlando Antwonie Harris was convicted by
a jury of indecent exposure and assessed a $1,000 fine. The fine was suspended in favor
of two years community supervision. Presenting two issues, appellant contends (1) the
trial court's grant of community supervision was not authorized by law, and (2) because the
grant of community supervision was unlawful, the sentence and underlying conviction are
void. We affirm in part and reverse and render in part.

 By his first issue, appellant claims suspension of the fine was not authorized by law
because the relevant community supervision statutes do not allow for suspension of a fine
only. In support of his argument, appellant directs us to article 42.12, section 4 of the Code
of Criminal Procedure which provides that "[a] jury that imposes confinement as
punishment for an offense may recommend to the judge that the judge suspend the
imposition of the sentence and place the defendant on community supervision." Tex. Code
Crim. Proc. Ann. art. 42.12, § 4(a) (Vernon Supp. 2005). Section 4 makes no mention of
community supervision as an option in the absence of a sentence of confinement. 
Appellant also relies on Ex parte McIver, 586 S.W.2d 851 (Tex.Cr.App. 1979), wherein the
Court examined the statutory authority behind a jury verdict sentencing the defendant to
both a term of confinement and a fine, with only the fine being probated. After examining
article 42.12, the Court concluded "the Legislature did not contemplate that fines would be
probated." Id. at 855.

 In the present case, citing section 4(a), the State concedes the jury lacked the
statutory authority to recommend that the fine be suspended in the absence of a term of
confinement. Considering the lack of statutory authority to the contrary, we agree and
conclude the suspension of appellant's fine in favor of community supervision was
unlawful. Appellant's first issue is sustained.

 By his second issue, appellant argues that because the suspension of his fine was
not authorized by law, both his sentence and underlying conviction are void. We disagree.

 Generally, when a punishment is unauthorized by law, the sentence imposing the
punishment is void. E.g., Heath v. State, 817 S.W.2d 335, 336 (Tex.Cr.App. 1991),
overruled on other grounds by Ex parte Williams, 65 S.W.3d 656 (Tex.Cr.App. 2001);
Coleman v. State, 955 S.W.2d 360, 364 (Tex.App.-Amarillo 1997, no pet.). However, in
Ex parte Williams, 65 S.W.3d 656, 657 (Tex.Cr.App. 2001), the Court determined that 
"illegal sentences and unauthorized probation orders are two different things." In Williams,
the defendant was convicted of aggravated assault and granted ten years probation
despite the fact he was statutorily ineligible. Id. The Court ruled that the defendant's
sentence was not void because the unauthorized probation order did not constitute an
illegal sentence. The Court then explained that community supervision is separate and
distinct from the sentence, and therefore, an unlawful grant of community supervision is
not subject to the rules that govern unlawful sentences. Id. See also Speth v. State, 6
S.W.3d 530, 533 (Tex.Cr.App. 1999) (defining community supervision as "an arrangement
in lieu of the sentence, not as part of the sentence").

 Similarly, we do not find appellant's conviction or sentence in the present case to
be unlawful and void. Appellant cites no authority, statutory or otherwise, in which an
unlawful grant of community supervision renders the underlying conviction void. 
Furthermore, the sentence of a $1,000 fine assessed by the jury is within the range of
punishment prescribed by the applicable statute. See Tex. Pen. Code Ann. § 12.22(1)
(Vernon 2003). It is the court's grant of community supervision that is unsupported by
authority, and based on Williams, an unlawful grant of community supervision does not
render appellant's sentence or conviction void. His second issue is overruled.

 Accordingly, that part of the judgment suspending payment of the $1,000 fine in
favor of two years community supervision is reversed and judgment is hereby rendered that
appellant's punishment stands at a $1,000 fine; in all other respects, the judgment is
affirmed. See Tex. R. App. P. 43.2.


 Don H. Reavis

 Justice

 

Publish.



 WP="BR1">
Tex. Fam. Code Ann. §152.202(a) (Vernon 2002). (3) Thus, Texas retains jurisdiction over
child custody matters even if Texas is no longer considered the home state of the child as
long as there remains a significant connection between this state and the child. In re
McCormick, 87 S.W.3d at 750; In re Bellamy, 67 S.W.3d 482, 484 (Tex. App.--Texarkana
2002, no pet.). (4)

 It is undisputed that L.E. has contacts with New York. However, that such ties may
exist with a foreign state is not determinative. This is so because the focus lies upon the
nexus between the children encompassed within the prior custody order and Texas. And,
it is quite conceivable that the parties may have significant ties with more than one state. 
In re McCormick, 87 S.W.3d at 750; In re Bellamy, 67 S.W.3d at 485. 

 With regard to the ties with Texas, we find evidence illustrating that Eckert has
continued to reside in Hardin County in the same house since the divorce. He has also
exercised or attempted to exercise his visitation rights with the child in Texas on multiple
occasions. So too has L.E. seen a dentist and physician in Texas while in the custody of
Eckert, the physician being the same one the child saw prior to moving to New York.

 Evidence of record further depicts that L.E. has three half brothers and several
friends in Texas, and attended day care, Y camp, and church in Texas since the divorce. 
There also is evidence that Eckert may have had more contact with the child in Texas but
for the actions of Volkenberg, and that recent contact with the child had been prevented by
legal action instituted by Volkenburg in New York. 

 Since Volkenburg's departure to New York and prior to the initiation of Eckert's
modification suit, the district court in Hardin County also has been asked to address other
matters involving L.E. For instance, in 2000, the trial court ordered Volkenburg to post a
bond "to protect the visitation and possession periods of . . . Eckert." During that same
year, the trial court also awarded Eckert's parents visitation rights with regard to their
grandson. Additionally, Volkenburg sought and obtained a writ of attachment to have the
child returned to her custody after one of Eckert's visitation periods had ended.
Furthermore, none of the several New York courts that Volkenburg had petitioned to
assume jurisdiction over custody issues involving L.E. opted to do so. 

 Given these facts, we cannot say that the child no longer has a significant
connection with Texas such as to deprive the trial court of jurisdiction. See In re
McCormick, 87 S.W.3d at 751 (holding that there was still a significant connection with
Texas when the child had attended school in Texas even while living nearby in New Mexico
and had visited his mother and her family in Texas). Nor can we say that substantial
evidence is no longer available in Texas concerning the child's care, protection, training,
and personal relationships. So, we overrule the first issue.

 Issue Two - Exercise of Jurisdiction


 In her second issue, Volkenburg alleges that even if the trial court had jurisdiction,
it erred by exercising it. As support for her proposition she relies on §155.003 of the Texas
Family Code. However, because that provision irreconcilably conflicts with §152.202 of the
same code, the later supplants it. In re Bellamy, 67 S.W.3d at 484; see Tex. Fam. Code
Ann. §152.002 (Vernon 2002) (stating that if a provision of chapter 152 conflicts with a
provision of this title or another statute or rule of this state and the conflict cannot be
reconciled, this chapter prevails). So, we again overrule the issue.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Volkenburg filed a plea to the jurisdiction, amended plea to the jurisdiction, motion to transfer and
a second amended plea to the jurisdiction. The trial court held two separate hearings to address these
motions.
3. Section 152.204 involves temporary emergency jurisdiction and is inapplicable to this case.
4. Under §155.003 of the Family Code, a court may not exercise its continuing, exclusive jurisdiction
to modify conservatorship if the child's home state is other than this state. Tex. Fam. Code Ann.
§155.003(b)(1) (Vernon 2002). The "home state" is the state in which a child lived with a parent for at least
six consecutive months immediately before the commencement of the proceeding. Id. §152.102(7).