ACCEPTED
12-15-00193-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/21/2015 4:30:36 PM
Pam Estes
CLERK

Cause Number 12-15-00193-CV

---------------------------------------------------

In Court of Appeals
Twelfth Court of Appeals District
Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/21/2015 4:30:36 PM
PAM ESTES
Clerk

-------------------------------------------------

In Re Jamie Majors, Relator

-------------------------------------------------------------------------------

**REAL PARTY IN INTEREST**
**SECOND AMENDED RESPONSE BRIEF**
**TO THE PETITION FOR WRIT OF MANDAMUS**

-------------------------------------------------------------------------------

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:   903-723-1923
Facsimile:   903-723-0269
Email:        cmcfall@mcfall-law-office.com
Counsel for Real Party in Interest

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 52.3* and *Rule 52.4*, Texas Rules of Appellate Procedure,

Real Party in Interest supplements Relator's Identity of Parties and Counsel as

follows:

Relator:                              Jamie Majors
                                      596 Shenwood Avenue
                                      Woodstock, Virginia 22664-1930

Real Party in Interest               The Attorney General of Texas
                                     John B. Worley
                                     Assistant Attorney General
                                     Appellate Litigation Section
                                     Child Support Division
                                     Mail Code 038-1
                                     Post Office Box 12017
                                     Austin, Texas 78711-2017

Real Party in Interest:              Heather Majors
                                     1005 Anderson County Road 427
                                     Palestine, Texas  75803-2869

# TABLE OF CONTENTS

Identity of Parties and Counsel..............................................................................2

Table of Contents...........................................................................…….3

Index of Authorities.........................................................................4

Statement of the Case......................................................................6

Statement of Jurisdiction…………...…………....……………...........……..7

Issues presented

     I.     The Trial Court properly applied *Section 152.202(a)(1)*,
           Texas Family Code, to the facts, finding the Trial Court
           retained exclusive continuing jurisdiction over the
           modification proceedings, as a result of the children's
           significant connections with the state of
           Texas………………………………………...…...…………..……….…8

Statement of Facts........................................................................9

Argument……………....…………………..……………...…………..10

Prayer...……........................................................................20

Certification………………………………..……………...…….....…………..21

Certificate of Compliance…………...………………………...…….…22

Certificate of Service…………………...…..……………………………23

Appendix…………………………………...…………………………24

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

    TEXAS

        In re Bellamy, 67 S.W.3d 482 (Tex.App.-Texarkana 2002) …………….…………………………...………………..12, 17, 18

        In re Forlenza, 140 S.W.3d 373 (2004)…………….…….....11, 14, 16

        Mills v. Canoy, No. 03-04-00681-CV (Tex.App.-Austin 2005).........18

RULES AND STATUTES                                                       PAGE

    TEXAS FAMILY CODE

        Chapter 152, Texas Family Code……………….….…..….....……. 16

        Section 152.201, Texas Family Code……………….….……….10

        Section 152.202, Texas Family Code…………….…....…….11, 16, 17

        Section 152.202(a), Texas Family Code……………....….……….10

        Section 152.202(a) (1), Texas Family Code …………….…………………………..3, 8, 10, 11, 18, 19, 20

        Section 152.202(a) (2), Texas Family Code……………….…..….10

        Section 152.203, Texas Family Code…………….…....….……….10

        Section 152.204, Texas Family Code………….………………….10

        Section 152.207, Texas Family Code…………….……….…….16, 17

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i) (3), Texas Rules of Appellate Procedure…………...…...…22

Rule 52.3, Texas Rules of Appellate Procedure..………..…..2, 6, 7, 24

Rule 52.3(j), Texas Rules of Appellate Procedure…………………..21

Rule 52.4, Texas Rules of Appellate Procedure……..…..…..…..…. .2

Rule 52.4 (b), Texas Rules of Appellate Procedure………........……..6

Rule 52.4 (c), Texas Rules of Appellate Procedure……..…..…..…..7

Rule 52.4 (e), Texas Rules of Appellate Procedure…………...…..24

## STATEMENT OF THE CASE

Pursuant to *Rule 52.3* and *52.4(b)*, Texas Rules of Appellate Procedure, Relator has adequately asserted the Statement of the Case, and thus the Real Party in Interest omits a Statement of the Case.

## STATEMENT OF JURISDICTION

Pursuant to *Rule 52.3* and *52.4(c)*, Texas Rules of Appellate Procedure, Relator has adequately asserted valid grounds for jurisdiction, and thus Real Party in Interest omits a statement of jurisdiction.

## ISSUE PRESENTED

The Trial Court properly applied S*ection 152.202(a)(1)*, Texas Family Code, to the facts, finding the Trial Court retained exclusive continuing jurisdiction over the modification proceedings, as a result of the children's significant connections with the State of Texas.

## STATEMENT OF FACTS

The Real Party in Interest waives a Statement of Facts.  The Real Party in Interest may reassert the right to file a Third Amended Brief with a Statement of Facts.

## ARGUMENT

The Trial Court properly applied S*ection 152.202(a)(1)*, Texas Family Code, to the facts, finding the Trial Court retained exclusive continuing jurisdiction over the modification proceedings, as a result of the children's significant connections with the State of Texas.

The Relator does not challenge the prior child custody Order's compliance with *Section 152.201*, Texas Family Code. (R.R., Pg. 103, L. 14). *Section 152.202(a)(2)*, Texas Family Code, does not apply because the Real Party in Interest continues to reside in Texas. (R.R., Pg. 89, L. 19) (R.R., Pg. 97, L. 25). Therefore, the Appellate Court must decide whether the Trial Court properly applied S*ection 152.202(a)(1)*, Texas Family Code, to the facts, finding the Trial Court retained exclusive continuing jurisdiction over the modification proceedings, as a result of the children's significant connections with the State of Texas.

*Section 152.202(a)*, Texas Family Code, provides as follows:

> (a)    Except as otherwise provided in *Section 152.204*, Texas Family Code, a Court of this State which has made a child custody determination consistent with *Section 152.201* or *Section 152.203*, Texas Family Code, has exclusive continuing jurisdiction over the determination until:
>
> (1)    A court of this State determines that neither the child, nor the child and one parent, nor the child and a person acting

as a parent, have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or

(2) A Court of this State or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.

Relator appears to argue that *Section 152.202(a)(1)*, Texas Family Code, requires the Trial Court to find *both* a significant connection with Texas *and* that substantial evidence exists before it can exercise exclusive continuing jurisdiction. However, exclusive jurisdiction continues in the decree granting State as long as a significant connection exists *or* substantial evidence is present. *In re Forlenza*, 140 S.W.3d 373, 379 (2004). Clearly, both significant connection and substantial evidence is not required. Because we conclude the Trial Court did not error in concluding the children had a substantial connection with Texas, we need not address whether substantial evidence existed. *In re Forlenza*, 140 S.W.3d 373, 379 (2004).

Under *Section 152.202*, Texas Family Code, Jurisdiction terminates if the relationship between the child and the parent remaining in the State with exclusive, continuing jurisdiction becomes so attenuated that the Court can no longer find

significant connections and substantial evidence. *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002),

Relator points to numerous examples of substantial evidence located outside of the State of Texas. However, just because the Relator introduced evidence from another States, does not mean substantial evidence in Texas is lacking. *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002).

Relator also points to the lack of the children's travel to Texas. However, the Real Party in Interest clearly explained why the children had not traveled to Texas. The Relator restricted the children's travel. In fact, Relator's mistrust of the Real Party in Interest was so significant, that even when the Real Party in Interest traveled to Virginia to see her children, the Relator required the Real Party in Interest's visitation be supervised by Relator's girlfriend (R.R., Pg. 39, L. 17), (R.R., Pg. 57, L. 5), (R.R., Pg. 57, L. 7), or Relator. (R.R., Pg. 57, L. 7). In addition, supervision was restricted to Relator's home. (R.R., Pg. 57, L. 9). Relator (R.R., Pg. 39, L. 20) forbade the children from traveling to Texas. (R.R., Pg. 39, L. 22). In fact, Relator required the Real Party in Interest take Relator's, girlfriend's daughter, as a chaperone, on the Real Party in Interest's visitation with her children. (R.R., Pg. 31, L. 5) (R.R., Pg. 56, L. 25). Relator knew the Real Party in Interest

would not leave the state of Virginia, with a child not her own. (R.R., Pg. 31, L. 14) (R.R., Pg. 39, L. 20), nor her own child, without a proper Order. (R.R., Pg. 30, L. 6), (R.R., Pg. 30, L. 10), (R.R., Pg. 30, L. 13).

The Relator also required the Real Party in Interest sign a Rule 11 Order, just to visit her children. (R.R., Pg. 30, L. 22). Relator testified the purpose of the Rule 11 Order was to prevent the Real Party in Interest from kidnapping her children. (R.R., Pg. 89, L. 9). Relator testified it was a very good possibility that the Real Party in Interest would have returned with her children to Texas. (R.R., Pg. 89, L. 22).

In addition, the Real Party in Interest testified the Relator failed to return the children to the Real Party in Interest at the termination of the one (1) year agreement (R.R., Pg. 27, L. 11). Thus, the Relator defied the current Court Order and withheld the children from the Real Party in Interest for one (1) addition year. The Relator's withholding of the children from the Real Party in Interest, in violation of the Trial Court's Final Decree of Divorce, continues to this date. The Relator argues the children have not visited Texas in two (2) years, yet ignores the fact that Relator is the sole reason the children have not visited Texas in the last year.

Clearly, the Relator forbade the children's travel to Texas. As a result, the Appellate Court may presume the Trial Court accepted as true the Real Party in Interest's testimony that more visitation would have occurred in Texas but for the Relator's actions and the fact that the Relator did not allow the children to travel to Texas to visit the Real Party in Interest. *In re Forlenza*, 140 S.W.3d 373 (2004).

The Party in Real Interest testified about significant connections with family in Texas (R.R., Pg. 15, L. 10). Specifically, the Real Party in Interest testified the children's Texas family consisted of their mother, the Real Party in Interest (R.R., Pg. 15, L. 13), a grandmother (R.R., Pg. 15, L. 13), grandfather (R.R., Pg. 34, L. 25), Aunt June (R.R., Pg. 36, L. 10) or Aunt Leslie (R.R., Pg. 37, L. 17), her husband (R.R., Pg. 35, L. 20) Uncle Poke (R.R., Pg. 37, L. 17) and their child (R.R., Pg. 36, L. 11), Uncle Matt (R.R., Pg. 36, L. 23) (R.R., Pg. 37, L. 9), Aunt Teresa (R.R., Pg. 36, L. 23) (R.R., Pg. 37, L. 9), and three of their children (R.R., Pg. 36, L. 23), Billy Sugar (R.R., Pg. 37, L. 22), cousin Kristin (R.R., Pg. 38, L. 1), a second cousin Jackson (R.R., Pg. 38, L. 2), Real Party in Interest's father (R.R., Pg. 38, L. 5), and two family members on the Real Party in Interest's father's side of the family. Even the Relator had to admitted the children have close connections (R.R., Pg. 99, L. 4), relationships (R.R., Pg. 99, L. 11), and bond (R.R., Pg. 93, L.

8) with the family in Texas. Relator has witnessed the close relationship the children have with the Real Party in Interest's family in Texas. (R.R., Pg. 99, L. 13). Furthermore, Relator testified he believed it was important for the children to maintain their relationship with the Real Party in Interest's family in Texas. (R.R., Pg. 99, L. 17). Relator testified the significant connections with the Real Party in Interest's family continued while the children were in Virginia (R.R., Pg. 93, L. 22).

It is undisputed the Real Party in Interest has a close relationship with her children (R.R., Pg. 103, L. 5) (R.R., Pg. 103, L. 11) (R.R., Pg. 126, L. 9).

In addition to the numerous, personal visits the children had with individual family members (R.R., Pg. 35, L. 12) (R.R., Pg. 35, L. 20) (R.R., Pg. 36, L. 14) (R.R., Pg. 37, L. 3) (R.R., Pg. 37, L. 14) (R.R., Pg. 38, L. 1), the relationships have grown out of numerous family gatherings such as birthdays (R.R., Pg. 38, L. 14), Thanksgiving (R.R., Pg. 38, L. 16), Christmas (R.R., Pg. 38, L. 17) (R.R., Pg. 38, L. 19), Easter (R.R., Pg. 38, L. 20), and a June gathering (R.R., Pg. 38, L. 20). The testimony of both the Real Party in Interest and the Relator clearly shows the children maintain a significant connection with family in Texas.

The Relator would also have this Court conduct some kind of balancing test.

However, the UCCJEA (*Chapter 152*, Texas Family Code) does not premise the exclusive continuing jurisdiction determination on which State has the most significant connection with the child. *In re Forlenza*, 140 S.W.3d 373 (2004). This relative type of inquire is appropriate under *Section 152.207*, Texas Family Code, which allows a Court with exclusive continuing jurisdiction to decline in favor of a more convenient forum, but it does not affect the initial *Section 152.202*, Texas Family Code, jurisdictional analysis. *In re Forlenza*, 140 S.W.3d 373 (2004).

Relator would further have the Appellate Court forget the Real Party in Interest testified the children lived with the Real Party in Interest since the Real Party in Interest and the Relator separated in November of 2012 (R.R., Pg. 22, L. 24), until the Real Party in Interest and the Relator reached an agreement that the children reside with the Relator for a one (1) year period in Virginia around August 2013 (R.R., Pg. 7, L. 8). The Relator argues the children have only seen a Virginia physician (First Amended Petition for Writ of Mandamus, Page 6). The Relator's assertion is clearly misleading. The Relator testified the children also have doctors in Anderson County. (R.R., Pg. 87, L. 2). Of course, the Relator has withheld the children from the Real Party in Interest for the past year, so the children, while living in Virginia for the past two (2) years, have only seen Virginia physicians.

(R.R., Pg. 15, L. 4) (R.R., Pg. 86, L. 18).

The Relator also argues that hardship upon the Real Party in Interest is not a statutory provision of a *Section 152.202*, Texas Family Code, jurisdictional analysis. The Relator is correct in that assertion. However, in addition to a *Section 152.202*, Texas Family Code, jurisdictional argument, the Relator also moved the Court to consider a *Section 152.207*, Texas Family Code, inconvenient forum argument. Pursuant to *Section 152.207*, Texas Family Code, the Trial Court shall consider the distance between the Court in Texas and the Court in Virginia, as well as the relative financial circumstances of the parties, in determining an inconvenient forum.

The Relator argues *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002) is not analogous to the facts of the instant case simply because the quantum of physical contact is lacking. However, nowhere does the Court suggest this quantum of physical contact was necessary to meet the statutory standard. Rather, the Court emphasized the nature and the quality of the child's relationship with the parent and family members who resided in Texas. *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002). Clearly, the nature and the quality of the instant children's relationship with the Real Party in Interest and family members who

reside in Texas are significant.

Relator also argues that *Mills v. Canoy*, No. 03-04-00681-CV (Tex.App.-Austin 2005), presents facts entirely in line with the instant case. However, the case again affirms the proposition that Texas Courts look at the nature and quality of the child's contacts with the parents residing in Texas *Mills v. Canoy*, No. 03-04-00681-CV (Tex.App.-Austin 2005), as opposed to the quantum of physical contact. *In re Bellamy*, 67 S.W.3d 482 (Tex.App.-Texarkana 2002). *Mills v. Canoy*, No. 03-04-00681-CV (Tex.App.-Austin 2005) also confirms the importance of maintaining close relations with Texas family members. Finally, *Mills v. Canoy*, No. 03-04-00681-CV (Tex.App.-Austin 2005) goes as far as to specifically state that a high level of physical presence in Texas is not necessary to satisfy the significant connection standard. Nor does the statute base the jurisdiction determination on which State has the most significant connection with the child. *Mills v. Canoy*, No. 03-04-00681-CV (Tex.App.-Austin 2005).

The question before the Appellate Court is whether the Trial Court properly applied S*ection 152.202(a)(1)*, Texas Family Code, to the facts, finding the Trial Court retained exclusive continuing jurisdiction over the modification proceedings, as a result of the children's significant connections with the State of Texas.

A review of the Reporters Record clearly indicates the Trial Court considered and applied the facts of the instant case to *Section 152.202(a) (1)*, Texas Family Code. Thus, there is no abuse of discretion. The Appellate Court may differ in the decision the Trial Court ultimately made in its discretion, but a differing opinion as to outcome is not the test. The test is, as the Relator argues, whether the Trial Court failed to analyze or apply the law correctly, in reviewing the provisions under the UCCJEA. To argue the Real Party in Interest presented no evidence, during the evidentiary hearing, substantiating the Court's denial of the Relator's plea to the jurisdiction is unsupportable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Real Party in Interest prays the Appellate Court find the Trial Court properly applied S*ection 152.202(a)(1)*, Texas Family Code, to the facts, finding the Trial Court retained exclusive continuing jurisdiction over the modification proceedings, as a result of the children's significant connections with the State of Texas.

## CERTIFICATION

I, Colin D. McFall, Attorney of Record for the above styled Real Party in Interest, pursuant to *Rule 52.3(j)*, Texas Rules of Appellate Procedure, hereby certify I have reviewed the Real Party in Interest's Brief and concluded that the Real Part In Interest has supported every factual statement in the Real Party in Interest's Brief with competent evidence included in the appendix or record.

RESPECTFULLY SUBMITTED,


_____
COLIN D. MCFALL
Attorney at Law
Texas Bar Number:    24027498

513 North Church Street
Palestine, Texas 75801-2965
Telephone:  903-723-1923
Facsimile:   903-723-0269
Email: cmcfall@mcfall-law-office.com

## CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the Real Party in Interest,

pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the

number of words within the Real Party in Interest's Response Brief is three

thousand, thirty four (3,034).

RESPECTFULLY SUBMITTED,


_____
COLIN D. MCFALL
Attorney at Law
Texas Bar Number:        24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:   903-723-0269
Email: cmcfall@mcfall-law-office.com

## CERTIFICATE OF SERVICE

I, Colin D. McFall, Attorney of Record for the above styled Real Party in Interest, hereby certify service of a true and correct copy of the above and foregoing document upon Jeffrey L. Coe, Attorney for Relator, at jeff@coelawfirm.com, by email transmission, on the 21st day of September 2015.

RESPECTFULLY SUBMITTED,

_____
COLIN D. MCFALL
Attorney at Law
Texas Bar Number:          24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:   903-723-1923
Facsimile:    903-723-0269
Email:  cmcfall@mcfall-law-office.com

## APPENDIX

Pursuant to *Rule 52.3* and *52.4(e)*, Texas Rules of Appellate Procedure, Relator has adequately provided an Appendix, and thus, the Real Party in Interest omits an Appendix.