NO. 07-02-0257-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 30, 2002

_____

IN RE DALE MCCORMICK

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

Relator Dale McCormick seeks by his petition for writ of mandamus that we compel the Honorable Gordon Green, Judge of the 287th District Court of Parmer County, to vacate his order denying relator's plea to the jurisdiction of the court with respect to the real party-in-interest's petition to modify the parent-child relationship. It is relator's contention that the trial court should have found that it no longer has exclusive, continuing jurisdiction because the substantial evidence concerning the child's care, protection, training, and personal relationships is in Kansas and the child's home state is in a state other than Texas. The real party-in-interest responds that continuing, exclusive jurisdiction should

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

remain in Texas because no action concerning the care and custody of the child has been filed in any court of another state and no other state has asserted jurisdiction over the care and custody of the child.[2] For reasons we later express, we deny relator's petition.

Relator and the real party-in-interest, Sharlet Wilks (Sharlet), were divorced by final decree entered in Parmer County and dated February 23, 1995. In that decree, Sharlet was appointed managing conservator of the only child of the marriage, Levi James McCormick (Levi), and relator was appointed possessory conservator. However, relator and his son lived together in Clovis, New Mexico, beginning in September 2000. On September 19, 2000, the court entered a temporary ex parte protective order prohibiting Sharlet, among other things, from removing the child from relator's possession. On October 19, 2000, relator was appointed temporary managing conservator, with the right to establish the primary residence of the child. In that same order, Sharlet was appointed temporary possessory conservator. On February 12, 2001, that temporary order was made final, and relator was appointed sole managing conservator with the right to establish the primary residence of the child. In September 2001, relator and his son moved to Sylvia, Kansas, where relator's family lived. Sharlet then filed a petition to modify the parent-child relationship on March 21, 2001, but that request was denied on April 21, 2001, without a hearing. On March 15, 2002, Sharlet filed another petition seeking to modify the order and, in response, relator filed his plea to the jurisdiction of the court. After a hearing, the court announced its determination in open court:

---

[2]No legal authorities are cited in support of this argument, and we have found none.

There's just no way that I can make this convenient for both parties. I mean, I want the - - we've got a situation where the father and his family are in Kansas. The father and the child have been there approximately six months. We've got a situation where mom and her family have been in Texas, and they've been here a long time.

I want the record to reflect that of course the court would take judicial knowledge this is the county seat of Parmer County, Farwell, Texas, and the courthouse here is located about three blocks from the Texas-New Mexico border, and all the testimony in this case with regard to activity in New Mexico, in Clovis, New Mexico, is a community about eight or ten miles from the county courthouse here.

I find that the court has continuing jurisdiction in the case, and considering all of the factors under 202, 207, as I said, I will certainly acknowledge that it's going to be inconvenient for one or the other, but based upon all of those factors I cannot find and I will not find that Texas is an inconvenient forearm [sic], so I'm going to continue the jurisdiction of this case in the State of Texas and this court, is what I meant to say.

* * *

It is from this ruling that relator seeks relief. Because the matter was set for trial on July 23, 2002, relator requested a stay of the trial court proceedings pending a decision by this court on his petition for writ of mandamus, and we granted that request.[3]

Mandamus relief is only available when the petitioner can show either a clear abuse of discretion or the violation of a duty imposed by law, and the petitioner has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992). Direct appeal

---

[3]Sharlet has since filed with this court an emergency motion for relief from that stay asking that we permit the trial court to hear emergency matters pertaining to the child because she has filed an emergency motion for ex parte custody with the trial court.

is generally adequate to resolve a complaint of improper jurisdiction. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 954-55 (Tex. 1990). However, Texas courts have held that when a Texas court asserts jurisdiction over a child custody matter in contravention of the law, mandamus is appropriate even if the petitioner is unable to show he has no adequate remedy by appeal. *Geary v. Peavy,* 878 S.W.2d 602, 603 (Tex. 1994); *In re McCoy,* 52 S.W.3d 297 301 (Tex.App.--Corpus Christi 2001) (orig. proceeding). This is so because of the unique and compelling circumstances surrounding child custody issues. *Peavy,* 878 S.W.2d at 603. Thus, we have jurisdiction to consider the issue raised by relator's petition. Further, our review must be made de novo because the question of jurisdiction is a legal one. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *McGuire v. McGuire,* 18 S.W.3d 801, 804 (Tex.App.--El Paso 2000, no pet.).

In support of his argument that the trial court erred in retaining jurisdiction of this matter, relator relies on section 152.202 of the Texas Family Code. That provision is part of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) effective September 1, 1999. *See* Tex. Fam. Code Ann. §§ 152.101-152.317 (Vernon Supp. 2002). Section 152.202 provides:

> (a) Except as otherwise provided in Section 152.204, a court of this state which has made a child custody determination consistent with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 152.201.

Tex. Fam. Code Ann. § 152.202 (Vernon Supp. 2002). It is relator's contention that neither the child nor the child and one parent have a significant connection with Texas and substantial evidence is no longer available in this state with respect to his care, protection, training, and personal relationships.

At the hearing, relator testified that he and his son had moved to Sylvia, Kansas, on September 25, 2001. Relator's parents live across the street, and his sisters, brother and their families all live within approximately 40 miles. Relator averred that his parents watch Levi when he is unable to and that Levi plays with his cousins. They also go fishing and swimming together. Levi's doctor is in Kansas and, at the time of the hearing, he had been receiving counseling in Kansas for about five weeks. He has gone to school in Sylvia since moving there, is working on the school carnival and participates in wrestling. Levi attends church in Sylvia with his father or grandmother.

There was also evidence that on January 8, 2002, a domestic violence petition was filed against relator in Curry County, New Mexico, with respect to an incident on January 5, 2002, regarding relator's wife Belinda and child. Relator admitted he had been in Clovis, New Mexico, on that date while Levi was visiting his mother. There was also evidence that relator had bipolar disorder, and had been treated up until August, 2001, by Dr. Gaspar in Clovis, New Mexico, but is currently receiving treatment in Kansas.

Relator's father supported his son's testimony by stating that the family was close and that Levi played with his cousins at least once or twice a week. He also averred that Levi had friends from school that would come home with Levi. Additionally, when Levi's father is not there to take Levi to church, Levi's grandmother takes him. Relator's sister-in-law also stated that her children played with Levi and the family was close. Further, she knew that Levi was getting counseling which she believed was beneficial for him.

Sharlet testified that in the past she had always exercised her visitation rights until relator moved to Kansas, at which time she only saw him once a month to keep Levi from missing so much school. She agreed that evidence about Levi's schooling since September 26, 2001, was in Kansas. However, she stated that Levi went to school in Texas until January 2001, at which time he attended school in New Mexico. He had also previously received counseling in Clovis, New Mexico. She disagreed that most of the evidence concerning his care and protection was in Kansas, although she admitted that Levi has lived in either New Mexico or Kansas since September 2000. Sharlet stated that

6

any witnesses necessary for a hearing on custody would be herself, her current husband, Dr. Gaspar of Clovis, New Mexico, and her family in Texas, including her parents, brothers and sister-in-law.

Under section 155.003 of the Family Code, which was in existence prior to adoption of the UCCJEA and has not been repealed, a court may not exercise its continuing, exclusive jurisdiction to modify managing conservatorship if the child's home state is other than this state. Tex. Fam. Code Ann. § 155.003(b)(1) (Vernon 1996). However, under section 152.202, Texas retains jurisdiction over child custody matters even if it is no longer the home state of the child as long as there is a significant connection with this state. *In re Bellamy*, 67 S.W.3d 482, 484 (Tex.App.--Texarkana 2002, no pet.). The "home state" is the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. Tex. Fam. Code Ann. § 152.102(7) (Vernon Supp. 2002). When a provision of the UCCJEA conflicts with another provision of the Family Code and the conflict is irreconcilable, the provision of the UCCJEA takes precedence. *Id.* § 152.002.

At the time the current motion to modify the parent-child relationship was filed, relator and his son had been living in Kansas approximately two weeks short of six months. Therefore, at the time the proceeding commenced, Kansas was not the home state of the child. We must then determine whether relator and Levi still have a significant connection with this state and whether substantial evidence is no longer available in Texas. Although

7

evidence was admitted which establishes that Levi has significant ties with the state of Kansas, that fact alone does not necessarily mean that there is no significant connection with Texas or that substantial evidence cannot be found here. *Bellamy,* 67 S.W.3d at 485.

In her petition to modify the parent-child relationship, Sharlet asserts that the circumstances of the child have been materially and substantially changed since the rendition of the currently effective order entered on February 12, 2001. During that time, relator and Levi have lived in both New Mexico (but only several miles from Parmer County, Texas, as the trial court judicially noticed) and Kansas. Moreover, as already noted and although not dispositive of the issue, at the time the petition was filed, relator and Levi had lived in Kansas less than six months, which is the time period required for establishing a new home state. Furthermore, Sharlet asserts in that petition that relator has hidden the child from her, changed the child's school four times, moved to Kansas without notice to her, failed to keep the child in counseling as ordered, and made threats about her to the child. Those events, other than the actual move to Kansas, could have occurred in Texas, New Mexico, or Kansas, and relator was treated for a mental condition by a doctor in Clovis, New Mexico. Additionally, there was evidence that Levi had attended school in Texas even while living in New Mexico. Sharlet and her family also still reside in Texas, and Levi visits here. Thus, while the decision is a close one, we do not believe, under these particular circumstances, that the trial court erred in finding that Levi still has a significant connection with Texas and that substantial evidence is still available here.

8

Accordingly, we deny relator's petition for writ of mandamus and vacate the stay of further proceedings in the trial court.

                                        John T. Boyd
                                        Senior Justice

Publish.