**Ray M. CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–02–00552–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 8, 2003.

Ray M. Clark, pro se.

Kevin S. Mullen, Assistant Attorney General, General Litigation Division, Austin, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's grant of the State's plea to the jurisdiction. In 1992, appellant, Ray Clark, brought a breach of contract suit against Chase International in a Texas state court. In 1993, the lawsuit was removed to a Texas federal district court, which, in turn, transferred the case to a federal district court in Connecticut. Following an unfavorable result in Connecticut, in 2002, Clark sued the State of Texas, alleging the State knew, or should have known, that it would be hauled into court if Connecticut "failed to provide a fair trial, free of undue prejudice and inconvenience." The State filed a plea to the jurisdiction, which was granted. This appeal by Clark ensued. We affirm.

**STANDARD OF REVIEW**

■ Subject matter jurisdiction is essential to the trial court's authority to decide a case. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). To prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). Because subject matter jurisdiction presents a question of law, we review the trial court's decision under a de novo standard of review. *Id.* A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issue and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex.2000). We construe the plaintiff's pleadings in the plaintiff's favor and look to the plaintiff's intent. *Texas Ass'n of Business*, 852 S.W.2d at 446. We do not address the merits of the case; instead, the defendant must establish why the merits of the plaintiff's claims should not be reached. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554.

**DISCUSSION**

■ In his petition, Clark asserted that the Texas federal district court was required to ascertain that a suitable alternative forum existed for the lawsuit before transferring the case to another forum. Clark interprets "a suitable alternative forum" as one that is capable of and committed to conducting a fair and unbiased trial, free from undue prejudice and inconvenience. Although the State was not a party to Clark's lawsuit against Chase International, Clark attempts to hold the State responsible for the unfavorable treatment he allegedly received from the Connecticut court, which he describes as a "kangaroo court." The premise of Clark's suit against the State is that the State violated its agreement to "ascertain that there is a suitable alternative forum."

Clark relies on the United States Supreme Court's decision in *Lapides v. Board of Regents of the Univ. Sys. of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), in which the Supreme Court held that a state waives its Eleventh Amendment immunity when it removes a suit to federal court in which it is named as a defendant. In *Lapides,* the plaintiff brought suit in state court against the State of Georgia, alleging violations of state and federal law. Georgia removed the case to federal court, and then moved to dismiss the case, urging that it was immune from suit in federal court under the Eleventh Amendment. The Supreme Court noted that by removing the case Georgia "voluntarily invoked the jurisdiction of the federal court," 122 S.Ct. at 1645, and held that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter ... in a federal forum." *Id.* at 1646.

Clark's reliance on *Lapides* is misplaced because the State was not a party to the Chase International lawsuit and was not responsible for the removal of the lawsuit from the Texas state court to any federal court. In fact, a Texas state court had no hand in transferring the lawsuit to Connecticut; that action was taken by a federal court sitting in the Western District of Texas. Nevertheless, even taking as true Clark's allegation that the State of Texas was responsible for the transfer, there is no waiver of immunity here.

In his response to the State's plea to the jurisdiction, Clark characterized his claim against the State as a breach of contract claim, alleging the State breached its contract to "ascertain that there is a suitable alternative forum." Assuming for the sake of argument that the State entered into a contract with Clark, Clark was required to establish legislative consent to sue by bringing suit under a special statute or obtaining a legislative resolution. *General Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 596 (Tex. 2001); TEX. CIV. PRAC. & REM.CODE ANN. § 107.001 *et seq.* (Vernon 1997) ("Permission to Sue the State"). There is no special statute allowing the State to be sued for "wrongful transfer" of a lawsuit from one forum to another or for breach of a "quasi-contract" to properly transfer a lawsuit to another forum. Nor has Clark obtained the Legislature's consent to sue. Accordingly, the State retains its immunity from suit, and the trial court properly granted the State's plea to the jurisdiction.

We overrule Clark's issues on appeal, and affirm the trial court's judgment.