NO. 07-02-0417-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 14, 2004

_____

IN THE INTEREST OF L.E., A MINOR CHILD

_____

FROM THE 356th DISTRICT COURT OF HARDIN COUNTY;

NO. 37,538; HON. BRITT PLUNK, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Kathleen Van Volkenburg (Volkenburg) appeals from an ordering modifying the parent-child relationship and granting Thomas R. Eckert (Eckert) sole managing conservatorship over their child, L.E. Through two issues, she contends that the trial court erred in denying her pleas to the jurisdiction of the court. Allegedly, the trial court lacked continuing jurisdiction over Eckert's motion to modify the conservatorship or, alternatively, if it had jurisdiction, it erred in exercising it. We affirm the judgment of the trial court.

***Background***

Volkenburg and Eckert married in New York and moved to Texas in 1994. On June 1, 1995, a son (L.E.) was born to the couple in Texas. The parties were later divorced by

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

the district court for Hardin County, Texas. Through the divorce decree dated September 17, 1998, the trial court appointed both parents joint managing conservators of L.E., although Volkenburg was granted the authority to determine the child's residence. Approximately six months later, Volkenburg moved to New York with L.E. to live with her parents.

On February 6, 2002, Eckert filed a petition to modify the parent-child relationship in Texas. He sought to be appointed sole managing conservator of L.E. because his ex-wife had allegedly , among other things, disobeyed court-ordered visitations, filed harassing lawsuits in New York seeking to terminate his visitation rights, denied his parents the access rights granted by the trial court at bar, attempted to cut off all communication between him and his son, and interfered with his right to obtain information from the child's schools, doctors, and mental health counselors. Thereafter, Volkenburg filed multiple pleas to the jurisdiction of the court, all of which were denied.[2] Trial was then had by a jury. Based upon its verdict, the trial court named Eckert sole managing conservator over L.E.

### Issue One - Continuing Jurisdiction

In her first issue, Volkenburg argues the trial court did not have continuing jurisdiction over the child's conservatorship because neither the child nor the child and one parent have a significant connection with the State of Texas and substantial evidence is no longer available in this state. We disagree.

Our review of jurisdiction is to be made *de novo* because the question of jurisdiction is one of law. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *cert.*

---

[2]Volkenburg filed a plea to the jurisdiction, amended plea to the jurisdiction, motion to transfer and a second amended plea to the jurisdiction. The trial court held two separate hearings to address these motions.

*denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *In re McCormick,* 87 S.W.3d 746, 749 (Tex. App.--Amarillo 2002, no pet.); *McGuire v. McGuire,* 18 S.W.3d 801, 804 (Tex. App.--El Paso 2000, no pet.). Furthermore, a court deciding a plea to the jurisdiction may consider both the pleadings and evidence relevant to the jurisdictional issue. *Clark v. State,* 103 S.W.3d 476, 477 (Tex. App.--San Antonio 2003, no pet.).

Next, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) became effective September 1, 1999, *i.e.* several years before Eckert filed his petition to modify the parent-child relationship. *See* TEX. FAM. CODE ANN. §§152.101-152.317 (Vernon 2002). Its §152.202 states that:

> (a) Except as otherwise provided in Section 152.204, a court of this state which has made a child custody determination consistent with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the determination until:
>
> 1) a court of this state determines that neither the child, nor the child and one parent, . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> 2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

TEX. FAM. CODE ANN. §152.202(a) (Vernon 2002).[3] Thus, Texas retains jurisdiction over child custody matters even if Texas is no longer considered the home state of the child as long as there remains a significant connection between this state and the child. *In re*

---

[3] Section 152.204 involves temporary emergency jurisdiction and is inapplicable to this case.

3

*McCormick,* 87 S.W.3d at 750; *In re Bellamy*, 67 S.W.3d 482, 484 (Tex. App.--Texarkana 2002, no pet.).[4]

It is undisputed that L.E. has contacts with New York.  However, that such ties may exist with a foreign state is not determinative.  This is so because the focus lies upon the nexus between the children encompassed within the prior custody order and Texas.  And, it is quite conceivable that the parties may have significant ties with more than one state. *In re McCormick,* 87 S.W.3d at 750; *In re Bellamy,* 67 S.W.3d at 485.

With regard to the ties with Texas, we find evidence illustrating that Eckert has continued to reside in Hardin County in the same house since the divorce.  He has also exercised or attempted to exercise his visitation rights with the child in Texas on multiple occasions.  So too has L.E. seen a dentist and physician in Texas while in the custody of Eckert, the physician being the same one the child saw prior to moving to New York.

Evidence of record further depicts that L.E. has three half brothers and several friends in Texas, and attended day care, Y camp, and church in Texas since the divorce.  There also is evidence that Eckert may have had more contact with the child in Texas but for the actions of Volkenberg, and that recent contact with the child had been prevented by legal action instituted by Volkenburg in New York.

Since Volkenburg's departure to New York and prior to the initiation of Eckert's modification suit, the district court in Hardin County also has been asked to address other matters involving L.E.  For instance, in 2000, the trial court ordered Volkenburg to post a

---

[4]Under §155.003 of the Family Code, a court may not exercise its continuing, exclusive jurisdiction to modify conservatorship if the child's home state is other than this state.  TEX. FAM. CODE ANN. §155.003(b)(1) (Vernon 2002).  The "home state" is the state in which a child lived with a parent for at least six consecutive months immediately before the commencement of the proceeding. *Id.* §152.102(7).

4

bond "to protect the visitation and possession periods of . . . Eckert." During that same year, the trial court also awarded Eckert's parents visitation rights with regard to their grandson. Additionally, Volkenburg sought and obtained a writ of attachment to have the child returned to her custody after one of Eckert's visitation periods had ended. Furthermore, none of the several New York courts that Volkenburg had petitioned to assume jurisdiction over custody issues involving L.E. opted to do so.

Given these facts, we cannot say that the child no longer has a significant connection with Texas such as to deprive the trial court of jurisdiction. *See In re McCormick,* 87 S.W.3d at 751 (holding that there was still a significant connection with Texas when the child had attended school in Texas even while living nearby in New Mexico and had visited his mother and her family in Texas). Nor can we say that substantial evidence is no longer available in Texas concerning the child's care, protection, training, and personal relationships. So, we overrule the first issue.

### Issue Two - Exercise of Jurisdiction

In her second issue, Volkenburg alleges that even if the trial court had jurisdiction, it erred by exercising it. As support for her proposition she relies on §155.003 of the Texas Family Code. However, because that provision irreconcilably conflicts with §152.202 of the same code, the later supplants it. *In re Bellamy,* 67 S.W.3d at 484; *see* TEX. FAM. CODE ANN. §152.002 (Vernon 2002) (stating that if a provision of chapter 152 conflicts with a provision of this title or another statute or rule of this state and the conflict cannot be reconciled, this chapter prevails). So, we again overrule the issue.

Accordingly, the judgment of the trial court is affirmed.

5

Brian Quinn
Justice