

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00514-CV

**IN THE INTEREST OF R.E.S. and R.K.S., CHILDREN**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-04448
Honorable Gloria Saldaña, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED

This appeal arises from disputes pertaining to Appellant Kirsten Q.'s petition and Appellee Scott S.'s counterpetition to modify the parent-child relationship established by divorce decree in 2008[1].  In her sole issue on appeal, Kirsten contends the trial court abused its discretion by awarding Scott the full amount of attorney's fees he requested while denying her an award of attorney's fees.

### BACKGROUND

In a 2008 divorce decree, Kirsten and Scott were appointed joint managing conservators of their two children, R.E.S. ("Daughter") and R.K.S. ("Son"), with Scott having the exclusive right

---

[1] To protect the identity of the minor children, we refer to the children's parents by their first names and last initials, and, to avoid confusion, we refer to the children as Daughter and Son because their initials are so similar.  *See* TEX. FAM. CODE ANN. § 109.002 (West 2014); TEX. R. APP. P. 9.8(b)(2).

to designate the children's primary residence in Bexar County. The decree also provided for Scott's ability to remove the Bexar County geographical restriction if Kirsten no longer lived in Bexar County. Kirsten moved to Colorado in June 2008, and Scott moved to Plano, Texas with the children in April 2012.

Kirsten filed a petition to modify the parent-child relationship in July 2012, requesting that she be granted the right to designate the children's primary residence. Kirsten argued modification was appropriate because the children's physical health and emotional development would be significantly impaired if they remained in Scott's home. Scott filed an answer alleging Kirsten's lawsuit was frivolous and designed to harass him. Scott also filed a counterpetition, but did not seek to change the divorce decree's terms. Rather, Scott sought to maintain the right to designate the primary residence of both children as originally ordered.

The trial court orally rendered temporary orders on August 7, 2012, granting Kirsten the temporary right to designate Daughter's primary residence, but did not modify the divorce decree as it pertained to Son. A jury considered Kirsten's petition to modify. Upon hearing the evidence, the jury granted Kirsten the right to designate Daughter's primary residence, but determined the divorce decree's provisions with regard to Son should not be modified.

Kirsten requested recovery from Scott of her attorney's fees of $63,000, exclusive of any appeals costs, while Scott requested recovery from Kirsten of his attorney's fees of $50,000. The jury recommended $50,000 as a reasonable fee for the services of both Kirsten's and Scott's attorneys through trial.

The trial court's judgment followed the jury's verdict regarding appointment of the right to designate each of the children's primary residence. On the issue of attorney's fees, the trial court awarded Scott $50,000 to be recovered from Kirsten and denied Kirsten's request for recovery of attorney's fees. Thereafter, Kirsten perfected this appeal.

## ANALYSIS

Kirsten contends the trial court abused its discretion by awarding recovery of attorney's fees to Scott and denying her request for two reasons: (1) Scott incurred additional attorney's fees through his slow compliance with the trial court's orders; and (2) Scott was not the prevailing party.

### *Standard of Review*

An appellate court reviews the trial court's award of attorney's fees in a suit affecting the parent-child relationship for an abuse of discretion. *See Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Illif v. Illif*, 339 S.W.3d 74, 78 (Tex. 2011).

### *Application*

*Scott's Alleged Dilatory Tactics*

Kirsten first argues Scott's delay in complying with the trial court's order to submit to a social study and in shipping Daughter's items to Colorado led to additional attorney's fees. Scott responds with his own accusations regarding the events about which Kirsten complains. The record contains no indication the trial court found Scott or his attorney engaged in dilatory tactics which affected attorney's fees or litigation costs. Because the parties presented controverting arguments with regard to the events about which Kirsten complains, this court will defer to the trial court's resolution of any factual disputes. Nothing in the record indicated the trial court acted arbitrarily, unreasonably, or without reference to guiding principles.

Therefore, the trial court did not abuse its discretion by awarding attorney's fees to Scott or by denying Kirsten's request for attorney's fees based upon Kirsten's first argument. Kirsten's first argument is overruled.

*"Prevailing Party"*

Kirsten next argues the trial court abused its discretion by awarding Scott attorney's fees because Scott was not the prevailing party. Kirsten reasons she was the prevailing party because she was awarded additional rights and duties as the parent with the exclusive right to designate Daughter's primary residence, while Scott was not awarded any "new" rights with relation to either child. Kirsten concludes because she was the prevailing party, the trial court abused its discretion by awarding Scott attorney's fees, and denying her request.

The Texas Family Code authorizes the award of reasonable attorney's fees in suits affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002(a) (West 2014); *see Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002). The statute does not designate to which party fees may be awarded, nor does it limit the trial court's designation. *See* TEX. FAM. CODE ANN. § 106.002(a) (West 2014). The award of attorney's fees is within the sound discretion of the trial court. *Bruni*, 924 S.W.2d at 368. In the past, courts have analyzed the award of attorney's fees with an eye to the prevailing, or successful, party. *See e.g.*, *In re M.A.N.M.*, 231 S.W.3d 562, 566 (Tex. App.—Dallas 2007, no pet.); *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 583-84 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). However, the current language of Family Code Section 106.002 does not impose a prevailing-party requirement. *See* TEX. FAM. CODE ANN. § 106.002(a) (West 2014). Rarely is either party a clear-cut victor in a suit affecting the parent-child relationship, and the difficulty of determining which party prevailed in a family case has long been recognized. *See Billeaud v. Billeaud*, 697 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1985).

The Austin Court of Appeals recently addressed an issue very similar to the one before this court: whether the trial court abused its discretion by awarding attorney's fees to an unsuccessful or non-prevailing party. *See Coburn v. Moreland*, 433 S.W.3d 809, 838-41 (Tex. App.—Austin 2014, no pet.). In *Coburn*, the appellant argued the appellee was not the prevailing party because

the trial court denied several requests from appellee and did not award appellee the entirety of the requested increase in child support. *Id*. at 838. In addressing the issue, the Austin court thoroughly discussed the construction and history of Texas Family Code Section 106.002. *Id*. at 838-40. The Austin court pointed out that cases employing a prevailing-party analysis either (1) applied a prior version of Section 106.002 or (2) relied on cases that applied prior versions of the statute. *Id*. at 839. The prevailing-party analysis arose from language in the previous versions of Section 106.002 which taxed attorney's fees as costs and from language in previous versions of Section 106.001 which awarded costs "as in other civil cases." *Id*. at 839-40, 41 n.30. The Austin court concluded that, although success on the merits may be relevant in evaluating whether a trial court abused its discretion in awarding attorney's fees, it is not a compulsory requirement given the current language of Section 106.002. *Id*. at 840.

Given the history of Section 106.002, and following the Austin court's analysis, this court concludes the prevailing-party determination is but one factor in a trial court's analysis of an attorney's-fee award. *See id.* at 838-40. In addition, a prevailing-party determination is not a conclusive or decisive factor. *See id.*

This court is not persuaded by Kirsten's argument she prevailed because she gained new rights. While Kirsten was successful in her motion to modify custody with regard to Daughter, she was unsuccessful with regard to Son. In turn, Scott was successful in defending the status quo with regard to Son, but unsuccessful with regard to Daughter. Therefore, neither party fully prevailed. The record discloses no other factors or indication that the trial court acted arbitrarily or unreasonably by granting Scott's request for attorney's fees and denying Kirsten's request. Therefore, the trial court did not abuse its discretion in the assessment of attorney's fees. Kirsten's second argument is overruled.

*Conclusion*

Neither Kirsten nor Scott was the victor. Further, the record does not support any conclusion Scott engaged in dilatory tactics to increase the amount of attorney's fees. Even in cases that applied a prevailing-party analysis, there is no bright-line rule that a party win on all or even most of the requested relief. *See Coburn*, 433 S.W.3d at 840. The absence of such a rule is consistent with the discretion allowed trial courts in awarding attorney's fees in suits affecting the parent-child relationship. *Id*. Further, the absence of such a rule is consistent with the principle that the trial court is in the best position to evaluate circumstances which may not be readily apparent from a cold record. *Id*. Thus, in light of the record before the trial court and the deferential standard of review, the trial court did not act arbitrarily or without reference to guiding rules or principles, and the trial court did not abuse its discretion by awarding Scott attorney's fees and denying Kirsten's request.

## CONCLUSION

Kirsten's sole issue on appeal is overruled, and the judgment of the trial court is affirmed.

Jason Pulliam, Justice